UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | | |
|---|---|---|
| In re | : | Case No.: 18-16779-ELF |
| | : | |
| CRAIG R. FULTON | : | Chapter: 13 |
|     Debtor | : | |
| AMERICAN CREDIT ACCEPTANCE, LLC | : | |
|     Movant | : | |
| Vs. | : | Motion for Relief from Stay |
| | : | |
| CRAIG R. FULTON | : | |
|     RESPONDENT | : | |

**MOTION FOR RELIEF FROM THE AUTOMATIC**
**STAY PURSUANT TO 11 U.S.C. § 362 FILED BY AMERICAN CREDIT ACCEPTANCE**
(2011 Chrysler 200)

AMERICAN CREDIT ACCEPTANCE, LLC ("ACA"), a secured creditor herein, moves

the Court, pursuant to 11 U.S.C. § 362(d) and Rules 4001(a)(1) and 9014 of the Federal Rules of

Bankruptcy Procedure, for entry of an order granting it relief from the automatic stay, and as

grounds therefore shows as follows:

**I.      PRELIMINARY STATEMENT OF RELIEF REQUESTED**

1.      On October 11, 2018, Craig R. Fulton (the "Debtor") filed his voluntary petition

for relief under Chapter 13 of the Bankruptcy Code (the "Petition Date").

2.      This Court has jurisdiction of the parties and the subject matter pursuant to 28

U.S.C. §§ 157, 1334, and 11 U.S.C. § 1324.

**II.      FACTUAL AND PROCEDURAL BACKGROUND**

3.      ACA is a secured creditor of the Debtor, as evidenced by that certain Retail

Installment Contract and Security Agreement dated October 14, 2017 (the "Note").  The Note was

secured by a 2011 Chrysler 200, bearing Vehicle Identification Number 1C3BC2FG1BN503448

(the "Collateral").  A true and correct copy of the Note is attached hereto as Exhibit "A."

4.      ACA has a perfected security interest in the Collateral, as noted on the face of the

Certificate of Title for the Collateral (the "Certificate of Title").  A true and correct copy of the

Certificate of Title is attached hereto as Exhibit "B."

5.      The outstanding balance owed to ACA relative to the Collateral as of the petition

date is $11,682.64.  As of the Petition Date, there was no arrearage due to the Creditor.

## III.    THE DEBTOR'S BANKRUPTCY FILING

6.      On April 18, 2019 the Court entered an Order Confirming Plan Under Chapter 13

(D.E. 24) (the "Order Confirming Plan").  Section 4(a) of Debtor's Amended Plan (D.E. 15) (the

"Amended Plan") provides for monthly payments to be paid directly to ACA.

7.      The Debtors have defaulted on their post-petition direct payments to ACA by

failing to make the payment due for February 28, 2020 payment and all subsequent payments

thereafter for an arrears of $2,147.52.

## IV.    BASIS FOR RELIEF

8.      Based upon the Debtor's default under the terms of the Order Confirming Plan,

ACA seeks relief from the automatic stay pursuant to 11 U.S.C. §362 in order to pursue its rights

and remedies under state law, including but not limited to, its rights to foreclose its security interest

in the Collateral.

9.      Section 362(d) sets forth the standards for determining whether relief from stay is

appropriate. Section 362(d) states:

> On request of a party in interest and after notice and a hearing, the
> court shall grant relief from the stay provided under subsection (a)
> of this section, such as by terminating, annulling, modifying, or
> conditioning such stay—

(1)     for cause, including lack of adequate protection of an interest in property of such party in interest;

(2)     with respect to a stay of an act against property under subsection {a} of this section, if-

> (A)     the debtor does not have an equity in such property; and

> (B)     such property is not necessary to an effective reorganization;

11 U. S. C. § 362.

10.     ACA has not received, and the Debtor has not agreed to provide, any further adequate protection of ACA's interest in the Collateral. Therefore, ACA is not adequately protected with respect to the Collateral.

11.     ACA requests that the order granting relief from stay be effective and enforceable immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 4001(a)(3) and any other provision of the Bankruptcy Code or Bankruptcy Rules shall not apply.

WHEREFORE, ACA respectfully requests that the Court enter an order granting this motion and lifting the automatic stay to permit ACA to enforce its security interests in the Collateral pursuant to applicable non-bankruptcy law to which ACA is entitled post-petition, and for such other and further relief as the Court may deem just and proper.


DATED:   September 3, 2020          By:     /s/ Matthew Bleacher_____
                                            Matthew S. Bleacher, Esquire (#321958)
                                            Nikolaus & Hohenadel, LLP
                                            212 North Queen Street
                                            Lancaster, PA  17603
                                            717-299-3726(T)/717-299-1811(F)

44083924 v1